**MARTIN, Admr. v NEW YORK CENTRAL RD. CO.**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1612.   Decided May 4, 1940.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for plaintiff-appellant.

Routzohn & Nevin, Dayton, for defendant-appellee.

**OPINION**

By BARNES, J.

We find a vital question in the above cause not raised in any manner by the parties, but being a jurisdictional question, we are called upon to pass upon it on our own motion.

We can not at this time consider the appeal for the reason that there is no final order.

According to the transcript of docket and journal entries, the jury on October 25, 1939, returned a verdict in favor of the defendant.  Within three days plaintiff duly filed a motion for new trial.  On November 7, 1939, the trial court overruled motion by the following journalized entry:

"This day this cause came on for hearing on the motion of plaintiff for a new trial and the court being advised in the premises overrules same, to all of which counsel for plaintiff does hereby except."

On November 7, 1939, plaintiff filed notice of appeal as follows:

"Now comes the plaintiff-appellant herein and hereby gives notice of appeal to the Court of Appeals of Montgomery County, Ohio, from a judgment rendered by the Common Pleas Court of Montgomery County, Ohio, in above entitled cause on the 25th day of October, 1939.  Said appeal is on questions of law."

Notice was duly signed by counsel for plaintiff.

There was no judgment entered on October 25. This is the date upon which the jury returned a verdict, but, of course, the verdict of the jury is not a judgment.

The journal entry overruling motion for new trial did nothing more than overrule the motion for new trial. It could have gone farther and entered final judgment, dismissing plaintiff's petition and entering judgment for costs. This is the usual procedure, although sometimes the judgment entry is separate from the entry overruling motion for new trial. The courts of Ohio have so frequently determined that an entry overruling ▮▮▮ or sustaining motion for new trial is not a final order, that it is not necessary to cite authorities.

The state of the record is such that the trial court may enter final judgment at any time. Until such order is made, notice of appeal is premature. When and if the trial court does make a final order, then if desired, plaintiff may give notice of appeal. The present notice does not avail. If counsel desire to comply with all jurisdictional questions, we can then determine the claimed errors on the bill of exceptions and briefs already presented.

Under the state of the record we have no jurisdiction to make ▮▮▮ any order other than to dismiss the appeal. Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.